O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY REED, JR., ) | CV 16-5483-RSWL-FFMx |
| Plaintiff, ) | |
| ) | **ORDER re: Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment** [28] |
| v. ) | |
| ) | |
| FIRST STUDENT, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Wesley Reed, Jr. ("Plaintiff") brings the following Action against Defendant First Student, Inc. ("Defendant"), a school bus transportation company, for alleged age discrimination. Plaintiff claims that Defendant did not hire him because he was seventy-six years old at the time he applied to be a bus driver. Compl. ¶ 8, ECF No. 1-1, Ex. A.

Currently before the Court is Defendant's Motion

1

for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Motion") [28]. Based on the evidence presented, there is a genuine issue of material fact as to whether Defendant discriminated and failed to prevent discrimination against Plaintiff based on his age; however, punitive damages are unwarranted as a matter of law. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part and DENIES in part** Defendant's Motion [28].

## I. BACKGROUND

**A. Factual Background**

Plaintiff is a Los Angeles resident, who was seventy-six years old at the time of the events giving rise to Plaintiff's causes of action. Compl. ¶¶ 1, 8; Decl. of Wesley Reed Jr. ("Reed Decl.")[1] ¶¶ 1, 3. Defendant is a transportation company providing school bus services nationwide, including in Los Angeles. Decl. of Dedra Valentine ("Valentine Decl.") ¶ 2, ECF No. 28-2.

In order to drive for Defendant, applicants must submit the following documentation: (1) a driver's license; (2) a medical clearance form; (3) a first aid card; and (4) a school bus certificate. Id. ¶ 4; Decl.

---

[1] Defendant incorrectly argues that Plaintiff's Declaration must be disregarded because he failed to sign the document under penalty of perjury. See Def.'s Evid. Objs. 2:17-19, ECF No. 30-4. On the contrary, Plaintiff signed his Declaration under oath, so the Court may properly consider it. Reed Decl. 4:7-15.

of Christina H. Hayes ("Hayes Decl."), Ex. B ("Valentine Dep.") at 35:15-36:6, ECF No. 28-1. To obtain school bus certificates, individuals must pass a written test and a behind-the-wheel test administered by the California Highway Patrol ("CHP"), as well as pass a medical examination. Valentine Decl. ¶ 5; Valentine Dep. 35:15-36:1. Defendant claims to hire every applicant who submits these four documents. Valentine Dep. 36:2-6, 42:5-9.

On August 8, 2014, Plaintiff filled out an application to become a bus driver for Defendant. Reed Decl. ¶ 4, Ex. A. Plaintiff completed Defendant's requisite training for the CHP's written and behind-the-wheel tests in November 2014. Id. ¶¶ 5-6. Plaintiff passed both examinations that month. Valentine Decl. ¶¶ 9, 11. However, the CHP informed Plaintiff it could not issue him a school bus certificate because the Department of Motor Vehicles needed to clear his background check first. Hayes Decl., Ex. A ("Reed Dep.") at 90:22-91:8. In January or February 2015, Plaintiff finally received his school bus certificate (the "School Bus Certificate"). Id. at 97:12-16.

Plaintiff and Defendant dispute what happened next—although it is undisputed that Defendant never hired Plaintiff. Valentine Dep. 86:6-11. Plaintiff claims he brought the School Bus Certificate, as well as the other required documents, to Defendant in March

3

2015. Reed Decl. ¶ 7, Ex. B. Defendant's Safety Supervisor, Dedra Valentine ("Valentine")—who was also responsible for hiring drivers—contends that she does not recall Plaintiff ever submitting the School Bus Certificate, and there is no record of one in his file. Valentine Decl. ¶ 12; Pl.'s Stmt. of Undisputed Facts ("Pl.'s SUF") ¶ 8, ECF No. 30-3.

**B.  Procedural Background**

On June 16, 2016, Plaintiff filed his Complaint in the Los Angeles County Superior Court [1-1]. Defendant removed the case to this Court on July 22, 2016 [1]. Plaintiff alleges the following claims against Defendant: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) age discrimination in violation of public policy; and (3) failure to do everything reasonably necessary to prevent discrimination, harassment, and retaliation from occurring in violation of FEHA. Compl. ¶¶ 16-52.

Defendant filed the instant Motion on August 8, 2017 [28-3]. Plaintiff filed his Opposition on August 22, 2017 [29]. Defendant's Reply followed on August 29, 2017 [30].

## II. DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 56(a) states that a "court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." The party moving for summary judgment has the initial burden of proof to show "no genuine dispute as to any material fact." Id.; see also In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: citing to particular materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "In determining any motion for summary judgment . . . , the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. R. 56-3.

Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. In re Oracle, 627 F.3d at 387. If the moving party meets this burden, the burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact. Id.; Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000).

//

//

**B. Discussion**

    1. Evidentiary Objections

        a. *Plaintiff's Evidentiary Objections*

Plaintiff objects to portions of the Declaration of Dedra Valentine [28-2] and Defendant's Statement of Undisputed Facts [28-4]. ECF No. 29-5. First, Plaintiff objects that Valentine lacks personal knowledge as to when the CHP issues school bus certificates to drivers and to Valentine's and her co-worker McGee's positions at Defendant's company. Pl.'s Evid. Objs. ¶¶ 1-2, 6, ECF No. 29-5. To the extent Valentine asserts what typically or generally happens with respect to the CHP's issuance of school bus certificates, Valentine Decl. ¶¶ 5, 10, the Court **SUSTAINS** Plaintiff's objections because Valentine lacks personal knowledge of the usual procedures since she does not work for the CHP, Pl.'s Evid. Objs. ¶¶ 1-2; Fed. R. Evid. 602. On the other hand, Valentine has personal knowledge and foundation about her own job duties, as well as her co-worker's, such as not being an officer, director, or manager of Defendant. See Valentine Decl. ¶ 15; <u>Self-Realization Fellowship Church v. Anada Church of Self-Realization</u>, 206 F.3d 1322, 1330 (9th Cir. 2000)("Personal knowledge can be inferred from an affiant's [employment] position." (citations omitted)). As such, the Court **OVERRULES** Plaintiff's objections to this evidence. Pl.'s Evid. Objs. ¶ 6. Plaintiff also objects to Valentine's

explanation of Defendant's Employee Handbook as irrelevant. Id. ¶ 5. Because the Employee Handbook tends to make it less likely that Defendant failed to take steps to prevent discrimination, it is relevant to Plaintiff's third cause of action. See Fed. R. Evid. 401. Thus, the Court **OVERRULES** Plaintiff's objection on relevance grounds.

As to Defendant's Statement of Undisputed Facts, Plaintiff objects to paragraph 23: "Plaintiff admits that he was not issued a School Bus Certificate by the CHP due to his failure to clear the background check." Id. ¶ 7. The Court **SUSTAINS as moot** Plaintiff's argument that it mischaracterizes the testimony because the Court only relies on the deposition transcript itself. Plaintiff also objects on relevance grounds to Defendant's statement that Plaintiff's trainer, McGee, was over sixty years old and 35% of individuals hired as bus drivers for Defendant were over the age of forty. Id. ¶¶ 8-9; Def.'s SUF ¶¶ 38, 44. The Court **OVERRULES** these objections because these paragraphs are relevant to show that age was not a factor in Defendant's hiring practices.

Finally, in his Opposition, Plaintiff objects to "any new evidence that [D]efendant attempts to submit in any reply." Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") 14:4-5, ECF No. 29. Per Local Rule 7-10, Defendant could file declarations or other rebuttal evidence in connection with its Reply. With the Reply,

Defendant filed the Declaration of O. Mishell P. Taylor ("Taylor Declaration") [30-1] authenticating and including Defendant's Response to Plaintiff's Requests for Admission, Set One. This evidence rebuts Plaintiff's introduction in his Opposition of Defendant's Response to Plaintiff's Requests for Admission, Set Two, by providing a more complete picture of Defendant's admissions. See Fed. R. Evid. 106. Thus, the Court **OVERRULES** Plaintiff's objection to the Taylor Declaration.

      b. *Defendant's Evidentiary Objections*

Defendant objects to portions of the following evidence: (1) the Declaration of Wesley Reed, Jr. [29-2]; (2) the Deposition of Wesley Reed, Jr. [29-1, Ex. 1]; (3) the Deposition of Dedra Valentine [29-1, Ex. 2]; (4) the Deposition of Cleo McGee [29-1, Ex. 3]; (5) the Deposition of Mustapha Karam [29-1, Ex. 4]; and (6) the use of Defendant's Supplemental Response to Plaintiff's Special Interrogatories, Set Two [29-1, Ex. 5]. ECF No. 30-4.

The Court can overrule Defendant's evidentiary objections because they "are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." United States v. HIV Cat Canyon, Inc., 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016); see also Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013)(refusing to "scrutinize

each objection and give a full analysis of identical objections"); Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012) ("This Court need not address boilerplate evidentiary objections." (citation omitted)); Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010)(noting that "it is often unnecessary and impractical" to scrutinize "boilerplate recitations of evidentiary principles or blanket objections" (citation omitted)). Moreover, upon review of the objected-to evidence and Defendant's bases for its objections, Defendant's evidentiary objections are **OVERRULED** [30-4] either because the objections are without merit or because the Court does not rely on the objected-to evidence. Where the Court relies on particular evidence, the reasons for overruling the pertinent objections will be delineated.

    2. Defendant's Motion is **GRANTED in part and DENIED in part** [28]

Defendant seeks summary judgment in its favor as to all three of Plaintiff's causes of action. Def.'s Mot. for Summ. J. ("Mot.") 1:25-27, ECF No. 28-3. In his Complaint, Plaintiff alleges the following claims: (1) age discrimination in violation of FEHA; (2) age discrimination in violation of public policy; and (3) failure to prevent discrimination, harassment, and retaliation in violation of FEHA. Compl. ¶¶ 16-52. The Court discusses each in turn.

a. *Age Discrimination in Violation of FEHA*

Under California's burden-shifting framework for FEHA claims,[2] the plaintiff must first establish a prima facie case of discrimination by showing the following: (1) the plaintiff is within a protected class; (2) the plaintiff applied for and was qualified for the job; (3) the plaintiff suffered an adverse employment action, such as denial of an available job; and (4) other circumstances giving rise to an inference of age discrimination. Guz v. Bechtel Nat'l Inc., 8 P.3d 1089, 1113 (Cal. 2000). If the plaintiff satisfies the prima facie case, the defendant must rebut the presumption of discrimination with a legitimate, nondiscriminatory reason for the action. Id. at 1114 (citations omitted). Then, the plaintiff may attack the defendant's proffered reasons as pretextual or offer other evidence of discriminatory motive. Id. (citations omitted).

i. *Plaintiff's Prima Facie Case*

Here, Plaintiff was seventy-six years old when he applied to be a bus driver for Defendant, Reed Decl. ¶ 3, placing him within a protected class because he was over forty years old, see Schechner v. KPIX-TV, 686

---

[2] "California courts interpreting FEHA often look to federal cases interpreting the Age Discrimination in Employment Act . . . and Title VII of the Civil Rights Act." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996). Accordingly, this Court relies "on such cases where helpful." Id.

10

F.3d 1018, 1023 (9th Cir. 2012)(citation omitted). Thus, Plaintiff has satisfied the first prima facie element.

Second, Plaintiff applied to become a bus driver for Defendant. Reed Decl. ¶ 4, Ex. A; Valentine Decl. ¶ 6. The parties agree that to qualify for the bus driver position, Plaintiff needed to submit his School Bus Certificate. Mot. 6:14-16; Opp'n 10:26-3. Plaintiff attests that he delivered the School Bus Certificate to Defendant's employee, Valentine, who was in charge of hiring trainees, in March 2015. Reed Decl. ¶ 7, Ex. B; Reed Dep. 98:25-101:3. In contrast, Valentine asserts that to her knowledge, Plaintiff never submitted a school bus certificate to Defendant, let alone returned after completing the behind-the-wheel test in November 2014. Valentine Decl. ¶ 12; Valentine Dep. 146:6-22. The Court cannot assess the credibility of or weigh this evidence but must draw all inferences in the light most favorable to Plaintiff to determine whether there is a genuine issue of material fact. <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007). When drawing all inferences in Plaintiff's favor, the Court finds no genuine issue of material fact for trial; rather, Plaintiff submitted his School Bus Certificate even though Valentine does not remember as much. Thus, Plaintiff was qualified for the position.

As to the third prima facie element, Plaintiff

11

admits that Defendant offered him a conditional offer of employment, contingent on Plaintiff's receipt of a school bus certificate. Reed Dep., Ex. 3 at 5 (checked box showing Defendant made a conditional employment offer); Pl.'s Resp. to Def.'s Stmt. of Undisputed Facts ("Pl.'s Resp. to Def.'s SUF") ¶ 14, ECF No. 29-3. Nevertheless, Plaintiff claims that when he followed up on his application with Valentine after providing his School Bus Certificate, she abruptly said, "Mr. Reed, I have your paperwork. I'll call you." Reed Dep. 60:7-61:16, 63:9-21. Although Defendant did not explicitly reject Plaintiff, Valentine admitted in her deposition that Defendant did not hire Plaintiff. Valentine Dep. 86:6-11. Plaintiff has established this element by showing he was not hired for the available position.

Lastly, Plaintiff offers evidence that the oldest employee Defendant *hired* between August 4, 2014 and April 20, 2015 was thirteen years younger than Plaintiff.[3] Decl. of Mark Weidmann, Ex. 5, ECF No. 29-1. The Ninth Circuit has considered a potential thirteen-year age gap between the plaintiff and his

---

[3] Defendant objects to Plaintiff's inclusion of this evidence with his Opposition as irrelevant and unauthenticated. Def.'s Evid. Objs. ¶ 33. It is relevant because it supports Plaintiff's claim that Defendant did not hire Plaintiff based on his age. Moreover, the evidence is Defendant's interrogatory answers, and Defendant "does not dispute the preparation of the interrogatories." Id. at 30 n.1. The document also appears to be what Plaintiff's attorney claims it to be in his Declaration. Fed. R. Evid. 901. Because parties may rely on "materials in the record, including . . . interrogatory answers," Fed. R. Civ. P. 56(c)(1)(A), Defendant's objections are **OVERRULED**.

replacement as support for the fourth element of the FEHA prima facie case. Santillan v. USA Waste of Cal., Inc., 853 F.3d 1035, 1044 (9th Cir. 2017). "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996). Defendant counters with evidence that Defendant *employed* an employee over the age of sixty-nine within that time frame. Decl. of O. Mishell P. Taylor, Ex. A, ECF No. 30-1. The inference most favorable to Plaintiff is that Defendant discriminated on the basis of age in its *hiring*, despite not retention, decisions. Defendant also argues its conditional offer of employment to Plaintiff undermines any claim that Defendant did not want to hire Plaintiff based on his age. Def.'s Reply in Supp. of Def.'s Mot. for Summ. J. ("Reply") 4:17-19, ECF No. 30. But again, when considered in the light most favorable to Plaintiff, this could have been an empty promise to hire him.[4]

---

[4] Plaintiff's other evidence proffered in support of his Opposition is irrelevant. For instance, filing trainees' applications by date of birth, as opposed to name, does not show age discrimination because "from birth date to birth date with [Defendant's] regular drivers you have to have ten hours," so "it's easier to log that information on their training records." Valentine Dep. 63:3-21. Valentine's abrupt or harsh tone of voice towards Plaintiff does not show she was discriminating against his *age* either. See Reed Dep. 58:16-62:4. Additionally, the fact that Plaintiff's trainer, McGee, walked some trainees, but not Plaintiff, around the buses and gave different

Based on the foregoing, Plaintiff has established his prima facie case under FEHA.

### ii. *Defendant's Legitimate, Nondiscriminatory Reason*

If nondiscriminatory, Defendant's reasons for not hiring Plaintiff need not necessarily be wise or correct. Guz, 8 P.3d at 1115. Legitimate reasons are those "*facially unrelated to prohibited bias*, and which, if true, would thus preclude a finding of discrimination." Id. at 1115-16.

Pursuant to California Vehicle Code section 12517(a), "a person may not operate a schoolbus while transporting pupils unless that person has in his or her immediate possession . . . a certificate issued by the department to permit the operation of a schoolbus." Because Defendant knew the CHP declined to issue Plaintiff a school bus certificate and had no record otherwise, Defendant claims it did not hire Plaintiff as it believed Plaintiff's operation of a bus would be illegal. Mot. 10:11-18. This reason is legitimate and nondiscriminatory as it is entirely unrelated to Plaintiff's age. As such, Defendant has satisfied its

---

instructions to Plaintiff and another trainee about how to meet oncoming traffic does not show that Defendant treated Plaintiff unfavorably because of his *age*. See Reed Dep. 70:17-73:20. Finally, an applicant's, like Plaintiff's, experience as a bus driver was not part of Defendant's considerations for hiring, as Plaintiff admits that Defendant hires all applicants, with the exception of Plaintiff, who submit the four required documents. Pl.'s Resp. to Def.'s SUF ¶ 7.

burden under Guz.

     iii. *Plaintiff's Pretext and*

       *Discriminatory Motive Arguments*

"[P]laintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of [Defendant's] proferred reasons." Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1127 (9th Cir. 2000)(citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000)). But there are instances where no rational juror could conclude the action was discriminatory although the plaintiff established a prima facie case and provided sufficient evidence to reject the defendant's explanation for the action. Reeves, 530 U.S. at 148. For instance, the employer would be entitled to summary judgment "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Id.

As discussed, Plaintiff's only specific evidence of age discrimination is that Defendant did not hire Plaintiff despite his qualifications but hired someone thirteen years his junior. However, Plaintiff also testified that Valentine told him, "Mr. Reed, I have

15

your paperwork. I'll call you." Reed Dep. 60:7-61:16, 63:9-21. In her deposition, Valentine answered affirmatively that she "never had a trainee who submitted a driver's license, a medical clearance form, and a first aid form without submitting a school bus certificate that [Valentine] made copies of."[5] Valentine Dep. 47:9-13. Accordingly, when Valentine told Plaintiff that she had his "paperwork," the inference in the light most favorable to Plaintiff is that she meant the School Bus Certificate too. Based on this evidence, Plaintiff has raised a direct issue of fact as to Defendant's nondiscriminatory reason for not hiring Plaintiff: whether Defendant truly had no record of the School Bus Certificate. Indeed, the Court cannot make credibility determinations at the summary judgment stage. The evidence presented in this case certainly does not conclusively reveal a nondiscriminatory reason as a matter of law because Defendant has not provided, for instance, record of Plaintiff's incomplete application.

In sum, the Court **DENIES** Defendant's Motion as to Plaintiff's claim for age discrimination in violation

---

[5] Defendant objects to Plaintiff's use of this testimony as irrelevant and inadmissible opinion, speculation, and conclusion. Def.'s Evid. Objs. ¶ 16. However, Valentine's statement is relevant because it tends to make it more likely Plaintiff submitted all the required documents. It is not an opinion, speculation, or conclusion; rather, it is an assertion of fact with respect to actual events, or lack thereof, during the course of her employment. Thus, the Court **OVERRULES** Defendant's objections and considers the evidence.

of FEHA.

        b.   *Age Discrimination in Violation of Public Policy*

Because Plaintiff's public policy cause of action is based on FEHA and Plaintiff is proceeding on his FEHA age discrimination claim, the Court **DENIES** Defendant's Motion as to this cause of action. See Stevenson v. Superior Court, 941 P.2d 1157, 1175 (Cal. 1997)("[A]ssertion of a common law tort claim for wrongful discharge in violation of the public policy against age discrimination as articulated in the FEHA is consistent with the legislative intent underlying the FEHA.").[6]

        c.   *Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA*

"A plaintiff seeking to recover on a failure to prevent discrimination claim under FEHA must show that (1) he was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent

---

[6] In its Motion, Defendant proposes that "California does not recognize a common law claim for age discrimination." Mot. 12:12-13. Defendant cites a couple of unpublished federal cases as well as some cases that are not on all fours, but Strauss v. A. L. Randall Co., 194 Cal. Rptr. 520, 524 (Ct. App. 1983) is particularly problematic because the California Supreme Court rejected the Strauss holding that there is no common law cause of action for age discrimination. Stevenson, 941 P.2d at 1169. Therefore, Defendant's argument fails. Furthermore, contrary to Defendant's assertion, Plaintiff did address the public policy claim in his Opposition, so he did not abandon it. See Opp'n 6:15-16 (noting issues of fact regarding the age discrimination *claims*).

17

discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015)(citation omitted). This claim essentially derives from a FEHA discrimination claim. Id. Because Plaintiff's FEHA cause of action survives summary judgment, the Court **DENIES** Defendant's Motion as to Plaintiff's failure to prevent discrimination cause of action as well.[7] Rux v. Starbucks Corp., CV, 2007 WL 1470134, at *9 (E.D. Cal. May 18, 2007)(denying summary judgment as to plaintiff's failure to prevent discrimination claim because plaintiff's FEHA claim survived summary judgment).

    d. *Punitive Damages*

Under California law, a plaintiff must provide clear and convincing evidence of malice, oppression, or fraud in order to maintain a claim for punitive damages. Cal. Civ. Code § 3294(a); Basich v. Allstate Ins., 105 Cal. Rptr. 2d 153, 158 (Ct. App. 2001). Even assuming, as in the case at hand, the plaintiff withstands summary judgment on his underlying claims,

---

[7] Defendant argues there is no private right of action for failure to prevent discrimination claims. Mot. 13:19-23. But numerous cases, including cases Defendant cites in its moving papers, have involved private individuals enforcing these claims. See, e.g., Carter v. Cal. Dep't of Veterans Affairs, 135 P.3d 637, 644 n.4 (Cal. 2006)("[C]ourts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under [a failure to prevent discrimination claim]."); Veronese v. Lucasfilm Ltd., 151 Cal. Rptr. 3d 41, 61 (Ct. App. 2012)(discussing this "statutory tort action" plaintiff prevailed on at trial).

18

he is not automatically entitled to punitive damages. See, e.g., Mathieu v. Norrell Corp., 10 Cal. Rptr. 3d 52, 62, 65 (Ct. App. 2004)(although summary judgment in defendant's favor was not warranted for plaintiff's FEHA claim, it was for punitive damages).

According to Plaintiff, Defendant failed to meet its burden as to punitive damages for two reasons: (1) Defendant did not definitively state no officer, director, or managing agent was involved in the hiring decision; and (2) dismissing Plaintiff "because of his age is clearly oppressive, and malicious and [D]efendant providing a false reason for the failure to hire is clearly fraudulent." Opp'n 13:28-14:2. Defendant responds that "there is absolutely no evidence in the record to establish that any decision regarding Plaintiff's employment was made by an officer, director or managing agent" of Defendant. Reply 12:7-9. Indeed, Plaintiff admits that Valentine, who is not an officer, director, or managing agent of Defendant, makes the hiring decisions. Pl.'s SUF ¶ 8. To the extent Plaintiff claims his trainer, McGee treated him unfairly, Plaintiff also admits he was not an officer, director, or managing agent of Defendant. Pl.'s Resp. to Def.'s SUF ¶ 59. In refuting Plaintiff's second reason, Defendant notes that Plaintiff merely speculates that Defendant did not hire him based on his age. Reply 12:2-3. None of Defendant's employees ever made age-related comments to

Plaintiff, and Plaintiff generally felt his trainers treated him fairly and that only Valentine spoke abruptly with him once. Reed Dep. 55:25-56:11, 60:7-61:16.

The foregoing is not clear and convincing evidence that Defendant acted maliciously, oppressively, or fraudulently, and as discussed, punitive damages are not warranted simply because Plaintiff satisfied his prima facie case. Thus, the Court **GRANTS** Defendant's Motion as to punitive damages.

### III. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS in part and DENIES in part** Defendant's Motion for Summary Judgment [28]. Specifically, the Court **DENIES** summary judgment as to Plaintiff's public policy and FEHA age discrimination and failure to prevent discrimination causes of action but **GRANTS** summary judgment for the punitive damages claim.

**IT IS SO ORDERED.**

DATED: September 26, 2016     s/ RONALD S.W. LEW

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge